UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

HINO MOTORS, LTD.

                    Defendant.

Case No. 2:25-cr-20016

Honorable Mark A. Goldsmith

## NOTICE REGARDING COMPLIANCE WITH CRIME VICTIMS RIGHTS ACT, 18 U.S.C. § 3771

The United States of America, by and through the undersigned attorneys, hereby outlines its efforts to comply with the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, with respect to defendant Hino Motors, Ltd. ("HML") in Case No. 25-CR-20016. Based on those efforts, the United States submits that it has—and will continue to—comply with its obligations under the CVRA.

## I.      Factual and Procedural Background

On January 15, 2025, the United States filed an Information against HML. ECF No. 1. In Count One of that Information, HML is charged with conspiring, from at least 2009 through at least November 2022, to defraud the United States by impairing, impeding, obstructing, and defeating the Environmental Protection Agency's lawful function under the Clean Air Act of implementing and enforcing emissions standards for air pollutants for new motor vehicles; to defraud the United

States by impairing, impeding, obstructing, and defeating the National Highway Traffic Safety Administration's lawful function of enforcing fuel consumption standards for heavy-duty diesel engines; to violate the Clean Air Act, by making, and causing to be made, false material statements, representations, certifications, and omissions; to commit wire fraud; and to smuggle goods into the United States, all in violation of 18 U.S.C. § 371. On that same day, the United States and HML entered into a Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).

As described in the Information, and HML's admission in its plea agreement that the allegations in the Information are true and correct, HML engaged in a years-long conspiracy relating to the submission of false applications for engine certification approvals in the United States. HML engineers regularly altered emission test data, conducted tests improperly and fabricated data without conducting any underlying tests. HML engineers also submitted fraudulent carbon dioxide emissions test data, which resulted in false fuel consumption values being calculated for its engines, and failed to disclose functions that could adversely affect engines' emission control systems. As a result of the fraud, HML caused over 105,000 engines that did not comply with U.S. emissions regulations to be unlawfully imported and sold in the United States between 2010 and 2022.

Pursuant to its plea agreement, HML has agreed to plead guilty to the Information filed against it. That agreement provides the following key terms for

2

disposition of this matter:

- A sentence requiring HML to pay a total criminal fine of $521,760,000.

- A five-year term of probation, during which HML will be prohibited from importing any diesel engines it has manufactured into the United States and will be required to implement a comprehensive compliance and ethics program and reporting structure.

- A mandatory special assessment of $400.

- A forfeiture money judgment of $1.087 billion, which can be satisfied by HML's payments as part of related civil litigation settlements.

- No order of restitution, pursuant to 18 U.S.C. § 3663A(c)(3), as the number of identifiable victims is so large as to make restitution impracticable and determining complex issues of fact related to the cause or amount of victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

  The agreement also expressly recognizes that HML has already agreed to compensate members of the class in *Express Freight International v. Hino Motors, Ltd.*, No. 1:22-cv-22483-DPG (S.D. Fla.), including businesses and individuals that purchased trucks with non-conforming engines.

On January 15, 2025, the United States also filed a civil Complaint and Proposed Consent Decree against HML and a related corporate entity. *United States v. Hino Motors, Ltd. et al*, Case No. 2:25-cv-10144-SFC (E.D. Mich.). A Notice of Lodging of Proposed Consent Decree Under the Clean Air Act was published on January 22, 2025. 90 Fed. Reg. 7705 (Jan. 22, 2025).

As noted above, HML entered into a private civil class action settlement of related claims in the *Express Freight International* case, which has been approved by the United States District Court for the Southern District of Florida. Information regarding that settlement is available at the Hino Emissions Class Action Settlement website,  https://www.hinousasettlement.com (last visited Mar. 11, 2025).

The civil class action settlement members include "all persons or entities that purchased or leased a Settlement Class Truck, through October 30, 2023. Settlement Class Trucks include any on-road vehicle equipped and originally sold or leased in the United States with a Hino engine from engine Model Year 2010 through and including engine Model Year 2019." *Id.* The civil class action settlement created a fund of $237,500,000 to pay settlement class members and provided for extended warranty coverage for various Hino emission control system components, valued at over $200 million. *See id.*

On October 30, 2023, the United States District Court for the Southern District of Florida entered an Order Granting Preliminary Approval of Class Action Agreement and Directing Notice to the Settlement Class. *Express Freight International*, No. 2:25-cv-10144-SFC at ECF 148. The Court later certified the class for settlement. *Id.* at ECF 160.

On March 14, 2024, the Settlement Administrator filed a declaration detailing the efforts to identify and notify all members of the class, including mails, emails,

and a settlement website. *Id.* at ECF 153-1. The Administrator noted that they had one valid request for exclusion and one invalid request for exclusion. *Id.*, at 4.

On April 30, 2024, the Honorable Darrin P. Gayles, United States District Court for the Southern District of Florida, conducted a fairness hearing related to the proposed settlement. *Id.* at ECF 163. Plaintiffs' counsel represented to the Judge Gayles that "[o]ut of more than 100,000 class members . . . only one has opted out, and this is, frankly, remarkable." *Id.* at 6. At the hearing, plaintiffs' counsel further stated that class members were expected to receive "more than [what] has been paid out in similar diesel emissions cases," and further argued:

> In fact, the per class member recovery amount here represents a significant percentage, if not a hundred percent of what a class member might expect to have received at trial based on what we describe as a benefit of the bargain or a price medium damage model, which is frequently used in these type of cases.

*Id.* at 4-5. Judge Gayles ultimately found the settlement to be "fair, reasonable and adequate, specially in light of the [litigation] risk to plaintiff," *id.* at 17, and approved the settlement, *id.* at 18. *See also* ECF 160 (Order of Dismissal and Judgment Granting Motion for Final Settlement Approval and Award of Attorneys' Fees and Costs).

A plea hearing and sentencing hearing are scheduled in this case for March 19, 2025.

## II.     Victim Notification Efforts

The CVRA requires that the Department of Justice use its "best efforts" to see that crime victims are notified of and accorded rights as described in 18 U.S.C. § 3771(c)(1). The Act defines "crime victim" as "a person directly or proximately harmed as a result of the commission of a federal offense …."  18 U.S.C. § 3771(e). The rights of a crime victim under the Act include the "right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused."  18 U.S.C. § 3771(a)(2). The CVRA also includes rights not to be excluded from public court proceedings, to be reasonably heard, and to confer with the attorneys for the government. 18 U.S.C. § 3771(a)(3-5).

The United States highlights some of the steps it has taken to comply with the CVRA in this matter:

**<u>August 2023</u>**

- In August 2023, the United States reached out to counsel for the proposed class, confirmed that they represented the members of the proposed class, and solicited any information they wished to share on behalf of the proposed class with the criminal investigative team.

**November 2024**

- On November 13, 2024, and with the consent of counsel for HML, the United States published a website for potential crime victims. The initial webpage summarized the investigation, detailed victims' rights under the CVRA and Victims' Rights and Restitution Act ("VRRA"), provided information on how to contact the Department of Justice, and noted that the website would be used to provide case updates.

- The website also included a link for the voluntary completion of an online Victim Impact Statement. The Victim Impact Statement provided notice of the potential for a plea agreement and invited comments, stating "If you want to inform the prosecutors evaluating evidence in this investigation of your views regarding potential plea agreements, or any other aspect of the case, please provide that information below." The form also provided space for the victim to provide any other information that he/she would want the prosecutors or Court to know.

- The United States originally requested the Victim Impact Statements to be completed by November 25, 2025, and then later extended the deadline through January 3, 2025. Late submissions were received and reviewed.

7

**December 2024**

- Working with sales information provided by counsel for HML, the United States identified 11,505 victims who collectively purchased the nearly 105,000 vehicles with non-conforming engines.

- On December 13, 2024, the United States caused notification of the investigation to be sent to the 11,505 identified victims through the Victim Notification System (VNS). Like the website, the victim letter included a summary of the investigation, rights conferred by the CVRA and VRRA, the URL to the website with the Victim Impact Statement, and contact information for a Victim Witness Coordinator. The letter further included the following information:

    > [P]lease be aware that federal criminal cases can be resolved by a plea agreement between the United States Department of Justice and a defendant. If you want to inform a prosecutor assigned to this investigation of your views regarding potential plea agreements, or any other aspect of the case, please contact the Environmental Crimes section by email at crimevictimprogram.enrd@usdoj.gov. Please put the following information in the subject line: **198-01902**.

- On December 28, 2024, a copy of the initial victim notification letter was provided to plaintiffs' counsel for the civil class action.

**January 2025**

- On January 15, 2025, the Information against HML was filed. A publicly available press release was issued by the DOJ that same day detailing the

criminal charges, the parties' plea agreement, and the related federal civil case and anticipated civil settlement. *See* Hino Motors, a Toyota Subsidiary, Agrees to Plead Guilty and Pay Over $1.6B to Resolve Emissions Fraud Scheme, https://www.justice.gov/archives/opa/pr/hino-motors-toyota-subsidiary-agrees-plead-guilty-and-pay-over-16b-resolve-emissions-fraud (last visited Mar. 11, 2025). The press release contained links to both the Information and executed plea agreement, as well as details regarding the global resolution. *Id.* Notably, the press release also contained information for crime victims:

> Individuals can contact the Justice Department regarding victim rights and services or the status of this case at (833) 676-181 or at crimevictimprogram.enrd@usdoj.gov; please mention or put in the subject line: 198-01902. The Justice Department uses the Victim Notification System (VNS) to provide victims with case information and updates related to this case. If you believe you are a victim of the conduct described in the plea agreement and criminal information, please visit www.justice.gov/enrd/case/hino-motors-ltd.

*Id*.

- The announcement of the government's criminal and civil cases against HML received considerable press attention locally, nationally, and internationally. For example, the Detroit News, Detroit Free Press, New York Times, Wall Street Journal, and BBC all covered the announcement of the criminal and civil cases, as well as the agreed-upon resolution.

9

- On January 16, 2025, the United States updated the website for potential victims in this case and sent letter updates via VNS to the identified victims notifying them of the charges and plea agreement. Copies of the proposed plea agreement, Information, and press release were also posted on the victim website.

**February - March 2025**

- On February 5, 2025, the United States updated the victim website and sent letter updates to identified victims informing them of the March 19, 2025, initial appearance and arraignment. The update stated:

  > We anticipate that Hino Motors, Ltd. will waive indictment and enter a guilty plea in accordance with the terms of the proposed agreement.

  > The government anticipates asking the Court to accept the terms of the proposed plea agreement, proceed to sentencing consistent with the proposed terms, and enter judgment in the case.

  The update re-included the link to the plea agreement.

- As of this date, the United States has received a total of 239 victim impact statements, in addition to approximately 175 electronic mail and telephone inquiries.

- The United States responded to the telephone and electronic mail inquiries either by letter or return telephone call. The United States copied plaintiffs' counsel for the civil class action on any letter response.

- In general, the victims note the significant financial impacts and emotional stress that resulted from the loss of the use of their vehicles. The government provided copies of the narratives from the Victim Impact Statements received to the Court and defense counsel.

- Approximately fifteen victims requested an opportunity to confer with prosecutors and/or address the Court at the plea hearing.

- On February 25, 2025, prosecutors held a video conference call for the victims that requested the opportunity to confer. Seven victims participated in the call along with plaintiffs' counsel for the civil class action. For victims who were unable to make the February 25, 2025, call, the government scheduled another session.

- On March 5, 2025, prosecutors held a second video conference call for victims that requested the opportunity to confer.  Four victims participated in the call along with plaintiffs' counsel for the civil class action.

- On March 6, 2025, the United States sent a letter via VNS to the victims and posted an update on the website with links to resources for the victims, including contact information for questions related to the civil class action settlement. Both the letter and website update explained the upcoming plea and sentencing hearings. Both also reminded victims that they have, among

11

other rights, the right to be reasonably heard at any public proceeding in the district court involving plea or sentencing.

- The DOJ's Environmental Crimes Section victim/witness coordinator has been communicating with, and will continue to coordinate, with those victims expressing an interest in addressing the Court at the Rule 11 and sentencing hearing. As of this date, three victims may attend the March 19, 2025, hearing. At least one of the victims would like an opportunity to address the Court.

## III.   Conclusion

Based on the foregoing, the United States submits that it has complied with the requirements of the CVRA and represents that it will continue to do so.

Respectfully submitted,

JULIE A. BECK
Acting United States Attorney
Eastern District of Michigan

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division


*/s/Andrew J. Yahkind*
_____
ANDREW J. YAHKIND
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9565
andrew.yahkind@usdoj.gov

*/s/Banumathi Rangarajan*
_____
BANUMATHI RANGARAJAN
Senior Trial Attorney
Environmental Crimes Section
109 T.W. Alexander Drive, Office C221J
Raleigh, NC 27711
(202) 598-0007
banu.rangarajan@usdoj.gov


Dated:  March 11, 2025

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following counsel of record:

Lanny A. Breuer
Noam Kutler
Aaron M. Lewis
Attorneys for Hino Motors, Ltd.


/s/*Banumathi Rangarajan*
Senior Trial Attorney
Environmental Crimes Section